NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.B., individually and on behalf of her son, J.B., <br><br> Plaintiffs, <br><br> v. <br><br> HALEDON BOARD OF EDUCATION, <br><br> Defendant. | Civil Action No.: 08-4647 (JLL) <br><br> **OPINION** |

For Plaintiffs: Esther Canty-Barnes (*Rutgers Special Education Clinic*)

For Defendant: Stephen Richard Fogarty (*Fogarty & Hara, Esqs.*)
　　　　　　　Ryan Ottavio (*Fogarty & Hara, Esqs.*)

**LINARES, District Judge.**

This matter comes before the Court on Defendant Haledon Board of Education's ("Defendant" or "the Board") motion to dismiss [CM/ECF #6] Plaintiffs' Amended Complaint. No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion is denied.

**INTRODUCTION**

Plaintiff J.B. is a sixteen-year-old former student at Haledon Middle School ("HMS") in Haledon, New Jersey. (Am. Compl. ¶ 5.) He graduated from HMS on June 18, 2008, and now attends Manchester Regional High School. (Id. ¶ 5.) J.B. asserts that he is disabled, and that he has been diagnosed with "Adjustment Disorder with Disturbance of Mood and Conduct,

1

Attention Deficit Hyperactivity Disorder (ADHD) and Oppositional Defiant Disorder (ODD)." (Id. ¶ 7.) His diagnosis also included the fact that he suffers from Hepatitis C, which complicates the treatment of his ADHD. (Id. ¶¶ 11-12.) Additionally, the chronic symptoms of Hepatitis C aggravate his mental conditions. (Id. ¶ 11.)

J.B. was given a "504 plan" by the Haledon School District for his individual educational needs during the 2003-04 school year, but failed to advance to the next grade level. (Id. ¶ 8.) J.B. received a new 504 plan during the 2004-05 school year and was classified as disabled by the Haledon School District in April 2005, but again failed to advance to the next grade level. (Id.)

Plaintiff K.B., dissatisfied with the particular requirements of the individual education plans provided by the Haledon School District, made requests for modifications and accommodations that were partially addressed. (Id. ¶¶ 19-20.) Plaintiffs also allege that the Haledon School District's frequent suspensions of J.B. undermined the individual education plans formulated to cope with J.B.'s disabilities. (Id. ¶¶ 21-23.)

Late in 2006, K.B. "filed for due process" in response to the Haledon School District's proposal to keep J.B. in home instruction during a reevaluation process. (Id. ¶ 21.) No outcome of K.B.'s 2006 claim is indicated in the Amended Complaint.

The instant matter arose from events occurring in 2008. Early in 2008, the Haledon School District reevaluated J.B. (Id. ¶ 40.) K.B. disagreed with the reevaluation findings presented to her. (Id. ¶ 41.) The Haledon School District then decided to exclude J.B. from certain privileges in the Spring of 2008—a class trip, a dance, and the graduation exercises—at HMS. (Id. ¶¶ 24-26.) After the Board refused K.B.'s request that J.B. be allowed to participate

in the graduation, Plaintiffs obtained a hearing before the Honorable Maria Mancini La Fiandra, New Jersey State Administrative Law Judge. (Id. ¶¶ 25-28.) At the June 18, 2008 hearing, ALJ La Fiandra denied Plaintiffs' requests for emergent relief. (Id. ¶ 26.)

Subsequently, on September 16, 2008, Plaintiffs filed suit in this Court against the Board claiming violations of state and federal law in the 2008 administrative hearing, that J.B. was denied an independent evaluation, and that he was discriminated against under 29 U.S.C. § 794. (Id. ¶¶ 35, 43, 48.) An Amended Complaint was filed on October 29, 2008. In response to the Amended Complaint, Defendant filed the instant motion to dismiss, arguing that this Court lacks subject matter jurisdiction and that the Amended Complaint fails to state a claim.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegautions must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendant's motion.

**A.      Subject Matter Jurisdiction**

The Board alleges that Plaintiffs' Amended Complaint must be dismissed due to an absence of subject matter jurisdiction on two related grounds: first, that Plaintiffs failed to exhaust their administrative remedies, and second, that they have insufficiently pled facts concerning subject matter jurisdiction.

**1.      Pleading Subject Matter Jurisdiction**

The Third Circuit Court of Appeals has interpreted the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., such that the failure to exhaust administrative remedies prior to filing suit serves as a jurisdictional bar. Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994). Several exceptions exist, however, to the administrative exhaustion requirement under the IDEA. The exceptions are: "where exhaustion would be futile or inadequate," where the issue is solely a question of law, where the administrative agency lacks authority to grant relief, and where the administrative process would

incur "severe or irreparable harm" upon a party.  Komninos, 13 F.3d at 778.

With respect to pleading subject matter jurisdiction, Defendant claims that the Amended Complaint is devoid of any claim that Plaintiffs sought and received a due process hearing on their non-emergent claims.  (Def. Br. at 10.)  Upon review of the Amended Complaint, this Court agrees with Plaintiffs that the Amended Complaint adequately pleads subject matter jurisdiction. The Amended Complaint sets forth the substance of the administrative hearing they were granted, and states that Plaintiffs were denied emergent relief and the opportunity for any further administrative hearings.  (Am. Compl. ¶¶ 26, 28.)  Defendant's motion to dismiss is, therefore, denied with respect to failure to plead subject matter jurisdiction.

### 2. Exhaustion of Administrative Remedies

The Board also substantively argues that the decision of the ALJ in June 2008 did not dispose of all of Plaintiffs' claims, and that they still have meaningful relief available in the New Jersey state administrative process.  (Def. Br. at 7-8.)  Defendant's position is that Judge La Fiandra did not render a final decision on Plaintiffs' claims, but merely decided the issues presented for emergent relief at that time.  (Id. at 8.)  Plaintiffs, on the other hand, assert that Judge La Fiandra's hearing was a final due process hearing from which an appeal may legitimately be sought, and that the state considered it as such.  (Pl. Opp. Br. at 7, 9.)

Upon review of Judge La Fiandra's decision, this Court finds that, in addition to denying any emergent relief, Judge La Fiandra rendered a final determination on the merits of Plaintiffs' due process complaint.  (Pl. Opp. Br. Ex. B at 7.)  Although the opinion of the administrative court does mention that it cannot reach certain issues on a summary hearing, the opinion ends by stating: "[t]his decision on application for emergency relief resolves all of the issues raised in the

due process complaint; therefore, no further proceedings in this matter are necessary." (Id. at 7.)

Additionally, after reviewing Plaintiffs' administrative complaint, attached as Exhibit A to their opposition papers, this Court finds that the emergent relief issues concerning the extended summer education and graduation attendance were the not the only claims before Judge La Fiandra, as Plaintiffs had also alleged that the claims incorporated the Haledon School District's failure to address J.B.'s educational and rehabilitative needs for a number of prior years, and that broader claims than those for the emergent relief were presented to the administrative court. (Pl. Opp. Br. Ex. A at 5-6.) As Judge La Fiandra's order terminated all of these claims, this Court is satisfied that Plaintiffs exhausted their administrative remedies prior to filing their original Complaint in this matter.

**B.    Failure to State a Claim**

The Board also argues that Plaintiffs' claims fail as a matter of law because the Plaintiffs claim that the IEPs created for J.B. were inadequate require a retrospective analysis, when in fact such claims should be examined prospectively, and that J.B. is not entitled to compensatory education under Third Circuit law because the Third Circuit's standard requires flagrant failure. Defendant also asserts that Plaintiffs' claims are moot because J.B. no longer attends a school in the Haledon School District. (Def. Br. at 10, 13, 14.)[2] As the final issue presented by the Board goes to justiciability, the Court will address the issue of mootness first.

---

[2] This Court will not address the issue of J.B.'s suspension record, as a party may not amend a complaint via briefing on a motion other than one to amend, and arguments made for the first time in reply briefs are deemed waived. Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2002); American Home Mortgage Corp. v. First Am. Title Ins. Co., No. 07-1257, 2007 WL 3349320, at *3 n.8 (D.N.J. Nov. 9, 2008) (Linares, J.) (finding that arguments made for the first time in reply briefs are waived).

### 1.     The Effect of J.B.'s Graduation from HMS

The Board asserts that this case is now moot, because J.B. has graduated from the Haledon School District and attends Manchester Regional High School in the Manchester Regional School District. (Def. Br. at 14.) Plaintiffs argue against mootness stating that the Haledon School District sends all of its high school students to Manchester Regional High School and that, as the Haledon School District pays a per-pupil cost for the education of its students at Manchester Regional High School according to state statute, it is not absolved from responsibility for J.B.'s education. (Pl. Opp. Br. at 15.) The Board's reply papers note that it does not pay any monies to the Manchester Regional School District, as it is not a municipality. (Def. Reply Br. at 6-7.)

Defendant relies upon two cases for its mootness argument. In S.N. v. Old Bridge Twp. Bd. of Educ., No. 04-517, 2006 WL 3333138, at *3 (D.N.J. Nov. 15, 2006), the parents of a child challenged an IEP by claiming that the child should have been placed out-of-district in a smaller school. S.N., No. 04-517, 2006 WL 3333138, at *1. During the pendency of the suit in this Court, the S.N. family moved from New Jersey to Missouri and enrolled their child in Missouri schools. Id. This Court found that the prospective relief sought in S.N. was moot because the parents had voluntarily removed their child from the Old Bridge school and incurred no expenses from a unilateral parental placement. Id. at *4.

S.N. relied on the Seventh Circuit Court of Appeals opinion in Board of Educ. of Oak Park v. Nathan R., 199 F.3d 377, 381 (7th Cir. 2000), which held that a student's graduation from high school caused his IDEA claims to become moot, as there was no further relief that the federal courts could offer the student. Nathan R. was presented on appeal to the Seventh Circuit

7

after the district court held that the student in question was not entitled to compensatory education. 199 F.3d at 379-80.

The Opinion in S.N. reviews an unreported Third Circuit opinion discussing Nathan R., in which the panel distinguished that case based upon both the differences in the legal remedies available in the two circuits and the remedies sought by the parties. C.M. v. Board of Educ. of Union County Reg'l High Sch. Dist., 128 F. App'x 876, 880 (3d Cir. 2005) (unreported). Although the legal remedies discussed in C.M. rely at least in part on W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995), overruled by A.W. v. Jersey City Pub. Sch., 486 F.3d 791 (2007), the C.M. court noted that a plaintiff seeking a "full panoply" of remedies, "including declaratory and injunctive relief and compensatory and punitive damages," would not have her claims mooted due to the graduation of a student. 128 F. App'x at 880. Among the remedies mentioned in C.M. is that "[p]laintiffs may also merit further injunctive relief if they can prove (as they insisted at oral argument) that copies of B.M.'s records remain outstanding." Id.

In the Amended Complaint, Plaintiffs seek mainly equitable and declaratory relief from this Court. First, they wish this Court to reverse Judge La Fiandra's dismissal of their 2008 due process complaint; second, they seek a declaratory judgment concerning J.B.'s right to independent evaluations; and, last, they seek to have this Court stay the statute of limitations and permit amendment of the pleadings for additional relief as necessary. (Compl. at 18-19.) On the instant record, this Court finds that Plaintiffs' case is not moot. Although any future claim they have for prospective compensatory education against the Board may well be limited by J.B.'s matriculation to Manchester Regional High School, the major claim at issue against the Board—the request that the Board provide independent evaluation—does not appear to be a

claim that is mooted on the basis of either S.N. or Nathan R.  See N.J.S.A. § 18A:13-23 (requiring municipality, rather than school board, to contribute to regional school appropriation). In S.N., the issue before this Court was that the parents voluntarily moved to Missouri and placed their child in a new school prior to the conclusion of the case; they sought only the relief of placement and reimbursement therefor.  J.B.'s situation is distinguishable.  The instant Plaintiffs seek to have the Board make good on its putative responsibility to provide the independent evaluation.  Plaintiffs' claim accrued while J.B. still attended HMS.  S.N. and Nathan R. are, therefore, distinguishable from the instant case.  Here Plaintiffs seek a remedy—independent evaluation—that does not appear to depend purely on whether J.B. has moved on to the Manchester Regional School District, against whom J.B. does not at present appear to have a claim for independent evaluation.  The Manchester Regional School District is not a party to the present action, nor do the facts disclose that K.B. has disagreed with an evaluation performed by the Manchester Regional School District.  See 34 C.F.R. § 300.502(b) (requiring a publicly-paid for independent evaluation without undue delay each time a parent disagrees with an evaluation). Therefore, this Court finds that the remedies sought by Plaintiffs are injunctive and equitable relief in nature and, as discussed in C.M., have not been mooted by J.B.'s matriculation, as they are at least as amenable to relief as was the case regarding the disclosure of the records in C.M. 128 F. App'x at 880.

    **2.**   **Retrospective or Prospective Review of IEPs**

   The Board also argues that Plaintiffs have failed to state a claim under Rule 12(b)(6) because paragraphs seventeen and eighteen of the Amended Complaint examine the IEPs developed for J.B. retrospectively instead of prospectively. (Def Br. at 11.)  In the Plaintiffs'

opposition papers, they claim that the Board mischaracterizes the Amended Complaint. Plaintiffs state that they seek only to enforce their due process rights and to obtain an independent evaluation. (Pl. Opp. Br. at 10-13.) As a threshold matter, this Court finds that Defendant's argument as to prospective or retrospective analysis of the IEPs goes only to Plaintiffs' claim concerning their due process rights, and not the independent evaluation claims, and proceeds in its analysis accordingly.

An IEP is required to provide a basic floor of access to education that provides some benefit. Carlisle Area Sch. v. Scott P., 62 F.3d 520, 534 (3d Cir. 1995). Furthermore, the adequacy of IEP is examined at the time it is offered; in the colorful language of Fuhrmann v. East Hanover Board of Education, "[n]either the statute nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement." 993 F.2d 1031, 1040 (3d Cir. 1993).

The Board's contention with respect to Plaintiffs' arguments as to the deficiency of the IEPs is that the Haledon School District presented a new IEP each year in response to the complaints of J.B.'s parents. (Def. Br. at 11-12.) Plaintiffs' complaints about the IEPs, the Board maintains, were addressed by the Haledon School District and do not present an issue for a due process complaint. (Id.) After reviewing the Amended Complaint and Carlisle Area School, this Court finds that at the motion to dismiss stage, it is premature to foreclose Plaintiffs' claims regarding the IEPs.

The Board argues that Plaintiffs' failure to press any of their objections to J.B.'s IEPs results in an Amended Complaint that rests only upon retrospective grousing about IEP effectiveness. (Def. Br. at 11-12.) This is certainly one way of viewing the instant record. On a

motion to dismiss, however, this Court examines the record in the light most favorable to the Plaintiffs.  Allegheny Gen. Hosp., 228 F.3d at 434-35 .  An equally valid reading of the record is that K.B. registered dissatisfaction with IEPs, but only sought due process relief on two occasions, in 2006 and 2008.  As the Board recognizes in its brief, however, failing to file a due process complaint is not a waiver:

> Although we do not construe the parents' failure to press their objections to the IEP when it was offered as a waiver, it casts significant doubt on their contention that the IEP was legally inappropriate since it suggests that the parents were also unaware prospectively that the 1991-92 IEP was unlikely to confer educational benefit.

Carlisle Area School, 62 F.3d at 536 n.8.  On a motion to dismiss, this Court does not address whether the evidence casts doubt on a contention; instead, this Court takes the pleadings as true and weighs whether or not the claims are legally sufficient.  Department of Transp. v. CMC Eng'g, 564 F.3d 673, 676 (3d Cir. 2009) (requiring that pleading must plausibly suggest an entitlement to relief).  Here, Defendant's argument as to prospective analysis of the IEPs fails because the record, examined in a light favorable to Plaintiffs, indicates that their claims do not depend on a retrospective evaluation of the IEPs, and the motion to dismiss on that basis is denied.

### 3.    Flagrant Failure Standard

The parties devote significant attention in their briefing to Plaintiffs' claim for compensatory education.  This Court noted supra, however, that Plaintiffs are not yet making a claim for compensatory damages: "Plaintiffs requests [sic] that this Court . . . Preserve plaintiffs' right to seek compensatory education and related services."  (Compl. at 18.)  Furthermore, in

11

their opposition brief, Plaintiffs take no firmer stand on compensatory education: "Plaintiffs <u>may</u> be entitled to compensatory education to make up for Defendant's failure to implement an appropriate program, behavioral intervention plan and related services." (Pl. Br. at 14-15 (emphasis added).) The pleadings make it clear that Plaintiffs have not yet asserted a claim for compensatory education, although they seek to preserve the option to do so.

Generally, the Third Circuit Court of Appeals applies a two-prong test for ripeness: "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship of the parties of withholding court consideration.'" <u>Surrick v. Killion</u>, 449 F.3d 520, 527 (3d Cir. 2006) (quoting <u>Khodara Environmental, Inc. v. Blakely</u>, 376 F.3d 187, 196 (3d Cir. 2004) and <u>Abbot Labs. v. Gardner</u>, 387 U.S. 136, 149 (1967)). The ripeness doctrine prevents courts from deciding hypothetical or abstract disagreements and helps them concentrate on concrete relief. <u>Surrick</u>, 449 F.3d at 527.

Here, the parties have not presented a controversy that is fit for judicial decision on the issue of compensatory education. This Court is not in a position to dismiss a claim that has not yet been articulated by Plaintiffs. Additionally, there is no hardship, or only minimal hardship, imposed on the parties by refusing to rule on the compensatory education issue. Plaintiffs have not sought fit to actually assert the claim at this time in the Amended Complaint, and the Board does not yet have to defend said claim. This Court therefore finds that the motion to dismiss the compensatory education claim of Plaintiffs is not ripe and must be denied.

**C.     Attorney's Fees**

The IDEA permits this Court to award attorney's fees to certain prevailing parties. 20 U.S.C. § 1415(i)(B)(I). Defendant moved this Court for attorney's fees on the instant motion; Plaintiffs opposed Defendant's request. (Def. Br. at 16; Pl. Opp. Br. at 17.) Defendants did not

prevail on the instant motion, therefore they are not entitled to fees, and their motion as to fees is denied.

## CONCLUSION

For the reasons heretofore given, this Court denies Defendant's motion to dismiss in its entirety.  An appropriate Order accompanies this Opinion.


DATED: June 29, 2009                                        /s/ Jose L. Linares
                                                                          United States District Judge