NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
K.B., individually and on behalf of        )
her son, J.B.,                             )
                                           )
            Plaintiffs,                    )
                                           )    Civil Action No.: 08-4647 (JLL)
        v.                                 )
                                           )            OPINION
HALEDON BOARD OF EDUCATION,                )
                                           )
            Defendant.                     )
_____)

For Plaintiffs: Esther Canty-Barnes (*Rutgers Special Education Clinic*)
For Defendant: Stephen Richard Fogarty (*Fogarty & Hara, Esqs.*)
                Ryan Ottavio (*Fogarty & Hara, Esqs.*)

**LINARES, District Judge.**

This matter comes before the Court on cross-motions for summary judgment [CM/ECF #18, 19] filed by Plaintiffs K.B. and J.B. (collectively "Plaintiffs") and Defendant Haledon Board of Education ("Defendant" or "the Board"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, both motions are denied in part and granted in part.

INTRODUCTION

Plaintiff J.B. is a seventeen-year-old former student at Haledon Middle School ("HMS") in Haledon, New Jersey. (Pl. 56.1 Statement ¶¶ 1, 3.) J.B. was classified as disabled at HMS, where he received special education. (Pl. Ex. B at 1.) On March 31, 2008, the Board notified Plaintiffs of an Individualized Educational Plan ("IEP") meeting to be held on April 14, 2008. (Def. 56.1 Statement ¶ 1.) The notice included the Board's psychiatric evaluation of J.B. and a

1

Functional Behavioral Assessment ("FBA") of J.B.  (Id. ¶ 2.)  Plaintiffs requested independent psychological and FBA evaluations of J.B. on April 11, 2008.  (Id. ¶ 4.)

Plaintiffs J.B. and K.B. (J.B.'s mother) attended the meeting on April 14, 2008, along with their counsel and the Board's counsel.  (Id. ¶ 7.)  At the end of the April 14, 2008 meeting, the attendees agreed that J.B. required a continuation of special education services.  (Id. ¶ 10; Pl. Opp. 56.1 Statement ¶ 10.)  Plaintiffs requested independent psychological, FBA, and educational evaluations in a letter dated May 2, 2008; the letter also contained objections to the proposed IEP.  (Def. 56.1 Statement ¶ 13.)  On May 6, 2008, Plaintiffs notified the Board of further objections to the April 14, 2008 IEP.  The Board responded to Plaintiffs' May 2 and 6 communications on May 26, 2008.  (Id. ¶ 16.)

On June 13, 2008, K.B. filed a petition seeking emergent relief in order to permit J.B. to attend the graduation ceremony at HMS, from which he had been barred.  (Pl. 56.1 Statement ¶ 4.)  The petition for emergent relief was accompanied by a due process complaint seeking compensatory education and certain evaluations.  (Id. ¶¶ 4-6.)

On June 18, 2008, the Hon. Maria Mancini La Fiandra, A.L.J., conducted a hearing on K.B.'s request for emergent relief.  (Id. ¶ 11.)  Judge La Fiandra's hearing was limited to the request for J.B. to be present at his middle school graduation and K.B.'s request for an extended school year program for her son.  (Id. ¶ 12.)  After the hearing, Judge La Fiandra issued an order denying the emergent relief and dismissing the due process complaint.  (Id. ¶ 14.)

Subsequently, on September 16, 2008, Plaintiffs filed suit in this Court against the Board claiming violations of state and federal law in the 2008 administrative hearing, that J.B. was denied an independent evaluation, and that he was discriminated against under 29 U.S.C. § 794.

2

An Amended Complaint was filed on October 29, 2008. In response to the Amended Complaint, Defendant filed a motion to dismiss, denied by this Court on June 29, 2009. The instant motions for summary judgment followed.

## DISCUSSION

Plaintiffs move for summary judgment on the following issues: that Judge La Fiandra denied J.B. his right to a full and fair hearing on his due process complaint, that J.B. is entitled to independent evaluations, and that the statute of limitations should be tolled on Plaintiffs' due process complaint. (Pl. Br. at 7, 9, 13.) Defendant moves for summary judgment on three issues. First, the Board argues that Plaintiffs' claim for independent evaluations fails because it had no obligation to provide the independent evaluations under New Jersey law. (Def. Br. at 8.) Second, the Board maintains that the statute of limitations should not be stayed on Plaintiffs' compensatory education claims. (Id. at 13.) Finally, the Board argues that Plaintiffs are not entitled to attorneys' fees because it has made a written offer of settlement. (Id. at 15.)

### A.    Legal Standard on a Motion for Summary Judgment

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a

genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  See Celotex, 477 U.S. at 324.  Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

**B.     Whether Plaintiffs Were Denied A Full and Fair Hearing on Their Due Process Complaint**

Plaintiffs argue that they were denied their procedural rights under the IDEA and New Jersey law to "an impartial due process hearing" because Judge La Fiandra did not permit them to present evidence and argument with respect to all of the claims in their due process complaint. (Pl. Br. at 9.)  Defendant opposes Plaintiffs' argument only inasmuch as it applies to any claim for compensatory education, which Defendant asserts is unripe.  (Def. Opp. Br. at 1.)

The IDEA requires the following procedure with regard to disputes concerning special education for disabled children:

> Whenever a complaint has been received under subsection (b)(6) or (k), the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

4

20 U.S.C. § 1415(f)(1)(A).  New Jersey's implementation of the IDEA permits parties to bring their disputes before an Administrative Law Judge, such as Judge La Fiandra.  D.S. v. Bayonne Bd. of Educ., —F.3d—, 2010 WL 1610591, at *2 (3d Cir. 2010).

This Court has previously addressed the content of Plaintiffs' original due process complaint.  In holding that Plaintiffs had exhausted their administrative remedies at the motion to dismiss stage, this Court found

> that the emergent relief issues concerning the extended summer education and graduation attendance were not the only claims before Judge La Fiandra, as Plaintiffs had also alleged that the claims incorporated the Haledon School District's failure to address J.B.'s educational and rehabilitative needs for a number of prior years, and that broader claims than those for the emergent relief were presented to the administrative court.

(Op. of June 29, 2009 at 6.)  Plaintiffs's original administrative complaint sets forth its requests for emergent relief and due process relief separately.  (Pl. Ex. A at 1, 9-10.)  An examination of Judge La Fiandra's June 19, 2008 opinion, however, shows that Judge La Fiandra applied only the legal standard for emergent relief to all of Plaintiffs' claims.  N.J.A.C. § 6A:3-1.6(b) (requiring irreparable harm, a settled legal right, likelihood of success on the merits, and balancing of the equities and interests); Pl. Ex. B at 5-6.  Claims for denial of a free and appropriate public education under the IDEA are not analyzed under the N.J.A.C. § 6A:3-1.6(b) four-prong test for emergent relief, but are evaluated as to whether or not a school district provides an IEP "reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential."  D.S., —F.3d—, 2010 WL 1610591, at *2.  This Court, therefore, does not have before it a fully-developed record with which to review

Plaintiffs' due process request, and finds that all issues related to Plaintiffs' due process request must be remanded to the New Jersey Office of Special Education Programs to be addressed in a manner consistent with the IDEA and N.J.A.C. § 6A:14-2.7.  See N.J.A.C. § 6A:14-2.7(g) ("When the Office of Special Education Programs receives a request for a due process hearing, the matter shall be processed and, as appropriate, mediation and a due process hearing in accordance with these rules will be made available to the parties.").

C.     **Whether J.B. Is Entitled to Independent Evaluations at Defendant's Expense**

Plaintiffs assert that J.B. must have independent evaluations in order to safeguard his procedural rights in a due process hearing.  (Pl. Br. at 11-12.)  Defendant maintains that it is entitled to summary judgment on the issue of independent evaluations for J.B. because Plaintiffs never requested independent evaluations and because "Plaintiffs implicitly consented to the District's assessment."  (Def. Br. at 11-12.)  Defendant further argues that if this Court grants Plaintiffs' request for independent evaluations, the evaluations permitted should be limited to those requested prior to the filing of the due process complaint on June 13, 2008.  (Def. Br. at 12.)

The procedure for requesting independent evaluations of disabled children at issue here lies in N.J.A.C. § 6A:14-2-5(c).  In relevant part, that section states:

> A parent may request an independent evaluation if there is disagreement with any assessment conducted as part of an initial evaluation or a reevaluation provided by a district board of education.
>
> > 1. If a parent seeks an independent evaluation in an area not assessed as part of an initial evaluation or a reevaluation,

    the school district shall first have the opportunity to conduct the requested evaluation.

      i. The school district shall determine within ten days of receipt of the request for an independent evaluation whether or not to conduct an evaluation pursuant to (c)(1)(iii) and iv below, and notify the parent of its determination.

      ii. If the school district determines to conduct the evaluation, it shall notify the parent in writing and complete the evaluation within 45 calendar days of the date of the parent's request.

      iii. If the school district determines not to conduct the evaluation first, it shall proceed in accordance with (c)2 below.

      iv. After receipt of the school district's evaluation, or the expiration of the 45 calendar day period in which to complete the evaluation, the parent may then request an independent evaluation if the parent disagrees with the evaluation conducted by the school district.

    2. Such independent evaluation(s) shall be provided at no cost to the parent unless the school district initiates a due process hearing to show that its evaluation is appropriate and a final determination to that effect is made following the hearing.

N.J.A.C. § 6A:14-2.5(c). This procedure is consistent with federal law in granting parents a right to an independent evaluation of their children. 34 C.F.R. § 300.502(b) (2006); Schaffer v. Weast, 546 U.S. 49, 60-61 (2005).

1.      **Plaintiffs Requested Evaluations Prior to Filing for Due Process**

Defendant asserts that for a parent to receive independent evaluations of a disabled child, the parent must disagree with the IEP or the determination that the child is eligible for special education services. (Def. Br. at 10-11.) This Court finds that such an interpretation of the independent evaluation requirements under the IDEA is contrary to the regulations and to caselaw.

The New Jersey regulation at issue, N.J.A.C. § 6A:14-2.5(c), requires only that a parent have a "disagreement with an assessment," not a disagreement with a finding of eligibility or part of an IEP. This is because the availability of an independent assessment goes to an issue in existence prior to a determination of eligibility or development of an IEP: "the object of parents' obtaining their own evaluation is to determine whether grounds exist to challenge the District's [assessment]." Warren G. v. Cumberland Cty. Sch. Dist., 190 F.3d 80, 87 (3d Cir. 1999). The only question before this Court on the evaluation issue, therefore, is whether or not Plaintiffs requested independent evaluations under the appropriate regulations.

This Court finds that the May 2, 2008 letter expressly requests evaluations because K.B. disagreed with the evaluations performed by the Board. The letter states, "[o]ur client disagrees with many of the characterizations of J[.] in the evaluations and objects to the reliance on interviews and reports that may have been inaccurate or biased." (Pl. Ex. D at 1.) In the May 2, 2008 letter, Plaintiffs requested an FBA, a psychiatric assessment, and an educational evaluation. (Id.) Although not extensive in its substance, this request indicates the reason for Plaintiffs' disagreement with the Board's assessments and describes the desired assessments. Such a

request satisfies N.J.A.C. § 6A:14-2.5(c).  Under that regulation, the Board would have to grant independent evaluations or file for due process concerning evaluations already conducted. N.J.A.C. § 6A:14-2.5(c).  For evaluations not performed by the Board but newly requested by the parent, the Board may proceed as it sees fit under N.J.A.C. § 6A:14-2.5(c)(1) and (2), but the parent has a right to the evaluation if the Board takes no action.  Id.  The record indicates that before Plaintiffs requested independent evaluations, the Board conducted educational, FBA, and psychological evaluations.  (Pl. 56.1 Statement ¶ 7.)

Having received the request, the Board did not file for due process in order to be relieved of the obligation to provide independent educational, FBA, and psychological evaluations. "Such independent evaluation(s) shall be provided at no cost to the parent unless the school district initiates a due process hearing to show that its evaluation is appropriate and a final determination to that effect is made following the hearing."  N.J.A.C. § 6A:14-2-5(c)(2).  The Board did not move for due process on the adequacy of its own evaluations.  (Pl. 56.1 Statement ¶ 10.)  Given Defendant's failure to utilize the appropriate procedural route to avoiding independent evaluations of J.B., this Court finds that Plaintiffs are entitled to independent evaluations consisting of an FBA, a psychiatric assessment, and an educational evaluation.  See Warren G., 190 F.3d at 87 (finding no clear error in district court's granting of independent evaluation reimbursement based upon the parent's "unqualified right" to evaluations).

### 2. The Request for Independent Evaluations in Plaintiffs' Due Process Complaint

Plaintiffs also requested an independent speech and language evaluation for J.B. in their

due process complaint. (Pl. Ex. A at 10.) This Court has already found, however, that the issues presented in Plaintiffs' due process complaint must be remanded for consideration under the proper standard, as Judge La Fiandra made no findings in her decision with respect to Plaintiffs' entitlement to an independent evaluation on the merits, utilizing only the standard for granting emergent relief in her written decision. (Pl. Ex. B. at 5-6.) Therefore, consistent with the discussion in Part B, supra, this Court finds that Plaintiffs' request for a speech and language evaluation must be addressed on remand with the remainder of Plaintiffs' due process complaint.

**D.         Tolling the Statute of Limitations on Plaintiffs' Due Process Complaint**

Plaintiffs seek to have this Court toll the statute of limitations on their due process complaint with respect to a claim for compensatory education. (Pl. Br. at 15.) They argue that they fall within exceptions to the two-year statute of limitations that apply to such claims under the IDEA, because this case involves a continuing violation, and because 29 U.S.C. § 794 (Section 504 of the Recovery Act) requires tolling the statute of limitations. (Pl. Br. at 16-22.) Defendants maintain that the issue of compensatory education is non-justiciable on Plaintiffs' present appeal. (Def. Opp. Br. at 1.)

This Court agrees with Defendants. In its June 29, 2009 Opinion, this Court found that "Plaintiffs have not yet asserted a claim for compensatory education" in this Court and found the issue of compensatory education unripe. (Op. of June 29, 2009, at 12.) Nothing has occurred in this matter that would alter this Court's judgment on the issue of Plaintiffs' compensatory education claim. This Court finds that ruling on whether the statute of limitations should be tolled in a claim not presented to this Court by Plaintiffs is non-justiciable, as it would require an

advisory opinion. See Burkey v. Marberry, 556 F.3d 142, 150 (3d Cir. 2009) ("[T]he duty of [the] court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

E.   **Attorney's Fees**

The final issue before this Court is the Board's motion for summary judgment on the issue of whether or not Plaintiffs can be awarded attorney's fees. The Board urges this Court to rule that fees may not be awarded because it made a settlement offer to Plaintiffs. (Def. Br. at 15.) Plaintiffs urge this Court to find that the settlement offer would deny J.B. his right to a free and appropriate public education, and that Plaintiffs' opportunity to move for attorney's fees should not be foreclosed at this time. (Pl. Reply Br. at 7.)

The IDEA permits this Court to award attorney's fees to certain prevailing parties. 20 U.S.C. § 1415(i)(3)(B). If a settlement is offered, however, parents of disabled children are not entitled to attorney's fees if certain time requirements are met and if "the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D). Furthermore, "[n]otwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

Defendant does not dispute whether or not Plaintiffs would be "prevailing parties" under

11

the IDEA if this Court found that Plaintiffs were entitled to independent evaluations, as it has done supra. Def. Br. at 15. See also J.C. v. Mendham Twp. Bd. of Educ., 29 F. Supp 2d 214, 219 (D.N.J. 1998) (describing two-part test for prevailing party in IDEA cases.) The parties disagree only on whether Plaintiffs were "substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

      This Court finds that disputed or unresolved material issues of fact prevent a finding that the Board's settlement offer bars Plaintiffs from seeking attorney's fees. Plaintiffs assert that the Board's offer would have required a release to any claims arising from those independent evaluations. (Pl. Opp. Br. at 7.) A review of the settlement agreement indicates that it would release the Board from "any and all claims, liabilities, demands and/or causes of action that the Plaintiffs may have or claim to have against the Board through the date of this Settlement Agreement and General Release . . . ." (Pl. Opp. Ex. 5 at 5.) The precise terms of the release of liability, however, are set forth in Exhibit A to the settlement offer, which is not attached to the Plaintiffs' exhibits. (Id. at 6.)

      Interpreting the extant settlement offer in the light most favorable to Plaintiffs, it appears that it would extinguish the entirety of the Plaintiffs' due process claim that this Court has remanded with the exception of the speech and language assessment, which would have been granted to Plaintiffs in the settlement offer. This Court finds that the facts indicate that Plaintiffs could have been "substantially justified in rejecting the settlement offer" because they may have received greater relief than the settlement offer provided, as their due process complaint will now proceed through the administrative process in New Jersey. 20 U.S.C. § 1415(i)(3)(E). This Court does not, however, rule on the issue of whether or not the "relief finally obtained by the

parents is not more favorable to the parents than the offer of settlement," because this Court has not granted Plaintiffs' request for a speech and language evaluation. Furthermore, the parties have not had the opportunity to argue as to whether the present posture of this case, pending administrative action on remand, satisfies the "relief finally obtained" requirement in the IDEA's settlement attorney's fee exclusion. 20 U.S.C. § 1415(i)(3)(D). Defendant's motion to preclude the award of attorney's fees, therefore, is denied.

## CONCLUSION

For the reasons heretofore given, the parties' cross-motions for summary judgment are granted in part and denied in part. An appropriate Order accompanies this Opinion.


DATED: May 24, 2010                                         /s/ Jose L. Linares
                                                      United States District Judge