# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.B., individually and on behalf of her son, J.B., | : |
| | : **CIVIL ACTION** |
| Plaintiffs, | : |
| | : |
| vs. | : Civil Action No.: 2:08-cv-04647 |
| | : (JLL)(CCC) |
| HALEDON BOARD OF EDUCATION, | : |
| | : |
| Defendant. | : |
| | : |

---

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

---

Fogarty & Hara, Esqs.
16-00 Route 208 South
Fair Lawn, NJ  07410
(201) 791-3340
(201) 791-3432 Telecopier
sfogarty@fogartyandhara.com
Attorneys for Defendant,
    Haledon Board of Education

Stephen R. Fogarty, Esq.
of Counsel

Ryan Ottavio, Esq.
on the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..........................................ii

COUNTERSTATEMENT OF FACTS ......................................1

LEGAL ARGUMENTS ...............................................2

POINT I ......................................................2

      SINCE PLAINTIFFS' DUE PROCESS CLAIMS HAVE NOT
      BEEN ADJUDICATED ON REMAND BY THE OFFICE OF
      ADMINISTRATIVE LAW, PLAINTIFFS' APPLICATION FOR
      ATTORNEY'S FEES IS NOT RIPE FOR ADJUDICATION
      BECAUSE PLAINTIFFS' DEGREE OF SUCCESS IN THIS
      CASE IS UNCERTAIN ....................................2

POINT II .....................................................5

      PLAINIFFS' ATTORNEYS FEES SHOULD BE REDUCED IN
      ACCORDANCE WITH 20 U.S.C. 1415(i)(3)(D)(i)
      BECAUSE THE BOARD'S OFFER OF SETTLEMENT PROVIDED
      MORE FAVORABLE RELIEF THAN THE RELIEF PLAINTIFFS
      OBTAINED IN THIS CASE ...............................5

POINT III ....................................................8

      SINCE PLAINTIFFS HAVE FAILED TO PROVE THEIR
      REQUESTED FEE AWARD IS REASONABLE, PLAINTIFFS'
      APPLICATION FOR FEES MUST BE DENIED .................8

      A.     Plaintiffs have failed to satisfy the clear
           standard of proof for attorney's fees
           applications established by the Third
           Circuit ........................................11

      B.     Plaintiffs' billing records contain a
           substantial number of entries that are
           excessive, redundant and vague and should
           therefore be excluded from the total amount
           of fees requested ..............................15

## TABLE OF AUTHORITIES

Cases

A.V. v. Burlington Twp. Bd. of Ed.,
2007 U.S. Dist. LEXIS 47309, at *26 (D.N.J. 2007) .....10, 11, 15

Bloomfield Bd. of Ed. v. S.C.,
2006 U.S. Dist. LEXIS 9697 (D.N.J. 2006) .......................16

Blum v. Stenson,
465 U.S. 886 (1984) ........................................9, 12

Field v. Haddonfield Bd. of Ed.,
769 F.Supp. 1313 (D.N.J. 1991) ................................10

Hensley v. Eckerhart, 461 U.S. 424 (1983) ................passim

Holmes v. Millcreek Twp. School Dist.,
205 F.3d 583 (3rd Cir. 2000) ..............................passim

L.J. v. Audobon Bd. of Ed.,
2009 U.S. Dist. LEXIS 31473 (D.N.J. 2009), aff'd  2010
U.S.App. LEXIS 7350 (3rd Cir. 2010) ........................13, 14

M.G. v. Eastern Regional High School Dist.,
2009 U.S. Dist. LEXIS 98631, *8-11 ...........................10

Planned Parenthood v. Attorney General of New Jersey,
297 F.3d 253 (3rd Cir. 2002) ...................................9

Washington v. Philadelphia County Court of Common Pleas,
89 F.3d 1031 (3rd Cir. 1996) ..............................10, 15

Other Authorities

20 U.S.C. 1415 (i)(3)(D)(i) .................................6, 8

20 U.S.C. 1415(i)(3)(B) .......................................8

20 U.S.C. 1415(i)(3)(F) .......................................9

42 U.S.C. 1988 ................................................3

## COUNTERSTATEMENT OF FACTS

The Haledon Board of Education (hereinafter referred to as "Board") agrees with Plaintiffs' factual account of the procedural history in this case. However, by way of supplement, the Board submits that it first made a written offer of settlement to Plaintiffs on August 10, 2009 (hereinafter referred to as "Offer of Settlement") (Certification of Stephen R. Fogarty, ¶3, Exhibit A; hereinafter referred to as "Fogarty Cert."). The Offer of Settlement included independent psychiatric, educational and speech and language evaluations, as well as a functional behavioral assessment (Fogarty Cert., Exhibit A).

On September 14, 2009, the Board presented a draft Settlement Agreement and General Release to counsel for Plaintiffs. (Fogarty Cert., ¶4). The Settlement Agreement and General Release provided Plaintiffs with independent psychiatric, educational, functional behavioral and speech and language evaluations at the Board's expense in exchange for Plaintiffs' release of any and all claims which were or could have been raised against the Board in Plaintiffs' original due process petition and district court complaint. (Fogarty Cert., ¶5). The Plaintiffs rejected the Board's Settlement Agreement and General Release. (Fogarty Cert., ¶7).

## LEGAL ARGUMENTS

### POINT I

**SINCE PLAINTIFFS' DUE PROCESS CLAIMS HAVE NOT BEEN ADJUDICATED ON REMAND BY THE OFFICE OF ADMINISTRATIVE LAW, PLAINTIFFS' APPLICATION FOR ATTORNEY'S FEES IS NOT RIPE FOR ADJUDICATION BECAUSE PLAINTIFFS' DEGREE OF SUCCESS IN THIS CASE IS UNCERTAIN.**

Plaintiffs seek attorney's fees for obtaining relief from this Court in the form of independent functional behavioral, educational, and psychiatric evaluations. However, Plaintiffs' remaining claims in their underlying due process petition have not been heard and adjudicated, including claims for compensatory education and an independent speech and language evaluation. Indeed, this Court, by order dated May 24, 2010, remanded this case to the New Jersey Office of Special Education Programs (hereinafter referred to as "OSEP") for adjudication of the remaining claims in Plaintiffs' original due process petition. Since Plaintiffs' due process claims have not been adjudicated, Plaintiffs' request for attorney's fees at this stage of the litigation is premature because Plaintiffs' degree of success in this case is uncertain.

In the landmark decision of Hensley v. Eckerhart, 461 U.S. 424 (1983), the United States Supreme Court set forth general standards federal district courts must follow when awarding

attorney's fees.[1]  In awarding attorney's fees, "the most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The Supreme Court in Hensley emphasized that the inquiry into how much attorney's fees should be awarded "does not end with a finding that the plaintiff obtained significant relief" because "a reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, supra, 461 U.S. at 438-439. In defining the scope of inquiry into the question of attorney's fees, the Supreme Court stated the following:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation, two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

Id. at 434.

With these legal standards in mind, it must be concluded that Plaintiffs' attorney's fees application is not ripe for

---

[1] While the U.S. Supreme Court in Hensley discussed the standards governing the award of attorney's fees under 42 U.S.C. 1988, the "standards governing the award of attorneys fees under 42 U.S.C. 1988 are applicable to awards sought under the IDEA." Holmes v. Millcreek Twp. School Dist., 205 F.3d 583, 593 (3rd Cir. 2000) (fn. 12).

adjudication because Plaintiffs' remaining due process claims on remand have not been resolved. The "results obtained" by Plaintiffs on their remaining claims, which is a crucial factor in assessing plaintiffs' degree of success, has not yet been determined in this case. Simply put, without knowing the outcome of Plaintiffs' remaining claims on remand to OSEP, there is no way to determine the degree of success Plaintiffs achieved in this case and, thus, whether the fees Plaintiffs' are seeking are appropriate. As the Supreme Court emphasized in Hensley, supra, a district court must assess the amount of attorney's fees by evaluating to what extent the "relief obtained is limited in comparison to the overall scope of litigation." Hensley, supra, 461 U.S. at 438-439. Here, without a complete picture of the final relief obtained in this case, this Court cannot assess an appropriate fee award because Plaintiffs' degree of success is uncertain.

It is critical to note that neither party would be prejudiced by a decision denying Plaintiffs' request for attorney's fees at this stage of the litigation. Plaintiffs will have an opportunity to file an application for attorney's fees once the merits of their remaining claims are resolved, and the Board will have an opportunity to oppose the same based on the actual degree of success Plaintiffs achieve on their claims. The Board, therefore, respectfully submits this Court must deny

Plaintiffs' application for attorney's fees on the grounds that such application is not ripe for adjudication.

## POINT II

**PLAINTIFFS' ATTORNEY'S FEES SHOULD BE REDUCED IN ACCORDANCE WITH 20 U.S.C. 1415(i)(3)(D)(i) BECAUSE THE BOARD'S OFFER OF SETTLEMENT PROVIDED MORE FAVORABLE RELIEF THAN THE RELIEF PLAINTIFFS OBTAINED IN THIS CASE.**

Assuming, arguendo, this Court finds Plaintiffs' fee application ripe for adjudication, the Board respectfully submits that Plaintiffs are not entitled to attorney's fees for services performed subsequent to the Board's Offer of Settlement because the Offer of Settlement provided more favorable relief than the relief obtained by Plaintiffs in this case. Moreover, while the Board's proposed Settlement Agreement and General Release provided for a release of Plaintiffs' claims, the Board respectfully submits that its proposed settlement provided Plaintiffs' with more favorable relief then they obtained from this court.

Under the Individuals with Disabilities Education Act (hereinafter referred to as "IDEA"), attorney's fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if the following conditions are satisfied:

1.  The offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure, or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;

2.  The offer is not accepted within 10 days; and

3.  The court or administrative or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

20 U.S.C. 1415 (i)(3)(D)(i). Here, it is undisputed Plaintiffs' did not accept the Board's Offer of Settlement. Moreover, it is clear the Board's Offer of Settlement was timely pursuant to Rule 68 of the Federal Rules of Civil Procedure, as it was made more than ten (10) days before any trial or administrative hearing on Plaintiffs' non-emergent claims. F.R.C.P. 68(a). Finally, comparison of the relief obtained by Plaintiffs' motion for summary judgment versus the relief provided in the Board's Offer of Settlement reveals the latter was more favorable than the former. The Board's Offer of Settlement provided Plaintiffs with independent functional behavioral, psychiatric, educational and speech and language evaluations, whereas Plaintiffs successfully obtained only independent functional behavioral, psychiatric and educational evaluations from this Court. Thus, when compared side-by-side, it is apparent the relief provided in the Board's Offer of Settlement is more favorable than the relief granted by this Court. Therefore, Plaintiffs' are not

entitled to attorney's fees or reimbursement for related costs of services performed subsequent to the Board's August 10, 2009 Offer of Settlement.

Plaintiffs nevertheless maintain the Offer of Settlement was less favorable than the relief obtained from this Court because the Board's proposed Settlement Agreement and General Release provided for a release of claims raised in Plaintiffs' due process petition. The gravamen of Plaintiffs' position is that this Court afforded Plaintiffs the opportunity to prosecute their remaining claims, while the Board's Offer of Settlement and Release would preclude prosecution of these same claims and that, because of this, the relief Plaintiffs achieved was greater than the Board's Offer of Settlement. This argument, however, must be rejected for several reasons.

First, Plaintiffs fail to cite any legal authority to support the proposition that the ability to prosecute a claim is "relief." The "right to prosecute" a claim is not "relief", as it does not alter the rights and obligations of the parties. A claim, by itself, does not alter the rights or obligations of the parties. If Plaintiffs are successful on their claims, then they may obtain judicially sanctioned relief that alters the legal relationship of the parties. However, if Plaintiffs are unsuccessful on the claims they prosecute, they will be left in a worse position than they would have been in had they accepted

the Board' Offer of Settlement and avoided the cost of an unsuccessful prosecution.

This analysis necessarily invites consideration of a position related to Point I, supra, which is that this issue is not ripe for adjudication. The reduction in attorney's fees pursuant to 20 U.S.C. 1415(i)(3)(D)(i) necessarily requires a side-by-side comparison of the "relief finally obtained" with the Board's Offer of Settlement. However, as indicated previously, this side-by-side comparison cannot be done until this Court is left with an administrative decision and record that resolves all of Plaintiffs' remaining claims on remand. Thus, the Board respectfully submits that the issue of how much attorney's fees should be reduced by the Board's Offer of Settlement again demonstrates that Plaintiffs application for attorney's fees is not ripe for adjudication and should therefore be denied.

## POINT III

**SINCE PLAINTIFFS HAVE FAILED TO PROVE THEIR REQUESTED FEE AWARD IS REASONABLE, PLAINTIFFS' APPLICATION FOR FEES MUST BE DENIED.**

Assuming, arguendo, this Court finds Plaintiffs are entitled to attorney's fees, the remaining issue for decision is whether the fees requested by Plaintiffs are "reasonable." 20 U.S.C. 1415(i)(3)(B) (noting the Court may, in its discretion, award "reasonable" attorneys fees). Plaintiffs bear the burden

of proving the reasonableness of their requested fee award. Planned Parenthood v. Attorney General of New Jersey, 297 F.3d 253, 265 (3rd Cir. 2002)(fn. 5).   Where a plaintiff fails to establish the reasonableness of his or her requested fee award, the award must be reduced or denied.  20 U.S.C. 1415(i)(3)(F).

The United States Court of Appeals for the Third Circuit (hereinafter referred to as "Third Circuit") has determined that the "accepted procedure for determining a reasonable fee award is to multiply reasonable hours expended on a matter by a reasonable billing rate for the attorneys who performed the task involved."  Holmes v. Millcreek Township School Dist., 205 F.3d. 583, 595 (3rd Cir. 2000).   "A reasonable hourly rate is calculated according to the prevailing market in the community" for attorneys of comparable skill and experience.   Holmes, supra, 205 F.3d. at 595.   "An attorney's showing of reasonableness must rest on evidence other than the attorney's own affidavits."  Id., citing Blum v. Stenson, 465 U.S. 886, 895-896 (1984).   Moreover, in evaluating whether a fee application sets forth a "reasonable" amount of hours, "the court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary." Holmes, supra, 205 F.3d at 595, quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In evaluating a fee application, "the district court must conduct more than a cursory review of the [applicant's] billing records, and must go line by line through the billing records supporting the fee request." A.V. v. Burlington Twp. Bd. of Ed., 2007 U.S. Dist. LEXIS 47309, at *26 (D.N.J. 2007). "Attorneys seeking fees must document the hours for which payment is sought 'with sufficient specificity'." Id. at *26, quoting Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037 (3rd Cir. 1996). "'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" A.V., supra, at *26, quoting Washington, supra, at 1037.

Moreover, where the Court "is unable to differentiate services for claims that were successful from services for claims that were unsuccessful . . . the district court may consider a reduction based on the percentage of success achieved." A.V., supra, at *27, quoting Field v. Haddonfield Bd. of Ed., 769 F.Supp. 1313,1323 (D.N.J. 1991). Indeed, the Third Circuit has favorably cited cases in which attorney's fees were denied entirely because of an applicant's "woefully inadequate time records, coupled with the applicant's failure to make a good faith effort to exclude fees attributable to unsuccessful claims." M.G. v. Eastern Regional High School Dist., 2009 U.S. Dist. LEXIS 98631, *8-11. Moreover, even where

billing records are adequate, a fee request may be reduced where

the applicant has achieved only "moderate success" on his or her

claims. A.V., supra, at

With these legal standards in mind, Plaintiff's fee request

must be denied for the following, independently sufficient

reasons:

1.   Plaintiffs   have   failed   to   submit   legally
     sufficient   evidence   establishing   the
     "reasonableness" of their fee request; and

2.   A substantial number of entries in Plaintiffs'
     billing records are excessive, redundant, vague
     or otherwise unnecessary.

A.   Plaintiffs   have   failed   to   satisfy   the   clear
     standard   of   proof   for   attorney's   fees
     applications established by the Third Circuit.

As indicated previously, the Third Circuit has expressly held

that an attorney seeking fees under the IDEA "must rest on

evidence other than the attorney's own affidavit" to support the

reasonableness of her hourly rate and fee request.   Holmes,

supra, 205 F.3d at 595.   Thus, in Holmes, supra, the Third

Circuit held that an attorney for a prevailing party under the

IDEA failed to produce sufficient evidence that her rate request

was commensurate with her skill, experience and reputation in

the community.   The fee applicant in Holmes offered only her own

affidavit in support of her rate request.   The Third Circuit

held that the school district was "correct in contending that

counsel's own affidavit may not be sufficient support for her

hourly rate." Holmes, supra, 205 F.3d at 595, citing Blum, supra, 465 U.S. at 895-896. The Third Circuit reduced the fee applicant's requested fee award by 75%. Holmes, supra, 205 F.3d at 596.

Like the fee applicant in Holmes, supra, Plaintiffs' counsel has failed to produce sufficient evidence of her hourly rate and fee award insofar as she relies solely on her own affidavit to support her hourly rates and the rates of the interns she supervised. Plaintiffs' counsel states in her affidavit that "my usual and regular hourly rate is $285" and that "affidavits supporting my rate of $285 per hour are available upon request" (Affidavit of Esther Canty-Barnes, ¶10, hereinafter referred to as the "Barnes Affidavit"). Moreover, Plaintiffs' counsel also contends the appropriate hourly rate for the legal interns she supervised at the Special Education Clinic is $110 (Barnes Affidavit, ¶11). However, Plaintiffs' counsel has not submitted any evidence to this Court other than her own affidavit to establish the "reasonableness" of these hourly rates. Therefore, Plaintiffs' counsel's evidence in support of her hourly rates is insufficient as a matter of law. Holmes, supra, 205 F.3d at 595, citing Blum, supra, 465 U.S. at 895-896.

Plaintiffs' counsel nevertheless maintains that her hourly rates and the rates of her legal interns are "reasonable" based

on the decision in L.J. v. Audobon Bd. of Ed., 2009 U.S. Dist.
LEXIS 31473 (D.N.J. 2009), aff'd 2010 U.S. App. LEXIS 7350 (3rd
Cir. 2010). Contrary to Plaintiffs' counsel's contention,
careful consideration of the factual background and holdings in
L.J. reveals that the L.J. decision does not support Plaintiffs'
hourly rates.

In affirming the District Court's decision in L.J, supra,
the Third Circuit articulated the fee applicant's burden of
proof in establishing a reasonable hourly rate:

> In an attorney's fee award, the proper
> hourly fee rate is determined by the
> community market rate rule.  To wit, a
> reasonable hourly rate should be determined
> by examination of the prevailing market
> rates in the relevant community at the time
> of the fee petition, not the time the legal
> services were performed.  A court should
> assess the skill and experience of the
> prevailing party's attorneys and compare
> their rates to the rates prevailing in the
> community for similar services by lawyers of
> reasonably comparable skill, experience, and
> reputation.  The party seeking to recover
> attorney's fees has the initial burden of
> producing sufficient evidence of what
> constitutes a reasonable market rate for the
> essential character and complexity of the
> legal services rendered in order to make out
> a prima facie case.  If the burden is met,
> the party opposing the fee award can rebut
> the reasonableness of the proffered hourly
> rate with record evidence.  If hourly rates
> are disputed, the court must conduct a
> hearing to determine the reasonable market
> rates.  A district court may not set
> attorney's fees based upon a generalized

> sense of what is usual and proper, but must
> rely upon the record.[2]

L.J., supra, 2010 U.S. App. LEXIS at *5.   In applying these

standards, the District Court and Third Circuit concluded L.J.'s

counsel failed to satisfy his initial burden of proof because

the affidavits he submitted were from attorneys whose skills,

reputation, experience and geographical areas of practice were

not comparable to L.J.'s counsel.   Specifically, L.J.'s counsel

was an education law attorney in Southern New Jersey and the

affidavits he submitted to support his hourly rate were from

attorneys who practiced in environmental law and worked in non-

comparable geographic areas.   Id. at *6-7.

   With the holdings and factual background of L.J. in mind,

it must be concluded the L.J. decision does not justify the

hourly rates sought by Plaintiffs' counsel.   First, L.J. dealt

with the issue of what a reasonable hourly rate was for an

education law attorney practicing in Southern New Jersey and

bears no relevance to the question of what a reasonable hourly

rate would be for a legal intern at a law school clinic.

Moreover, Plaintiffs' counsel has submitted no probative

evidence as to what this hourly rate should be, but instead

states in conclusory fashion that a reasonable hourly rate for

interns is $110.   Second, and more importantly, L.J. reinforces

---

[2]While the internal citations are omitted here, each statement set forth in
the indented quote is supported by a published Third Circuit decision.

the position set forth in Holmes, supra, that a fee applicant must produce legally sufficient evidence to justify an attorney fee rate based on what attorneys in the prevailing community with comparable skill, experience, and cases earn. Plaintiffs' counsel simply has failed to submit legally sufficient evidence establishing the reasonableness of her purported hourly rate.

Based on the foregoing, the Board respectfully submits that Plaintiffs' fee application must be denied for failing to satisfy their burden of proof on the reasonableness of their fee request.

B. Plaintiffs' billing records contain a substantial number of entries that are excessive, redundant and vague and should therefore be excluded from the total amount of fees requested.

As indicated previously, a court must, in evaluating whether a fee application sets forth a "reasonable" amount of hours, be "careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary.'" Holmes, supra, 205 F.3d at 595, quoting Hensley, supra, 461 U.S. at 434. Moreover, attorneys seeking fees "must document the hours for which payment is sought 'with sufficient specificity.'" A.V., supra, 2007 U.S. Dist. LEXIS at *26, quoting Washington, supra, 89 F.3d. at 1037.

With these legal criteria in mind, careful review of the billing entries submitted by Plaintiffs' counsel will reveal

15

that substantial number of entries are redundant, excessive, or lack sufficient specificity and must therefore be excluded from the total amount of hours for which Plaintiffs may be awarded attorney's fees.

## Billing entries that are redundant, vague, excessive or otherwise unnecessary.

The following billing entries set forth in the Affidavit of Esther Canty-Barnes are duplicative, vague, excessive or unnecessary and should therefore be excluded from Plaintiffs' total fee award:

a) Entry for September 2, 2008

This entry for discussions between Esther Canty-Barnes and legal interns on background information regarding this case should not be billed to the Board, as it is not needed to pursue this litigation but is rather done to familiarize students in the Special Education Clinic (hereinafter referred to as "Clinic") with cases. As this Court has recently recognized in a case involving Esther Canty-Barnes, boards of education should not be billed for activities arising out of the educational process for students in the Clinic and not required in the litigation of a case. See, Bloomfield Bd. of Ed. v. S.C., 2006 U.S. Dist. LEXIS 9697 (D.N.J. 2006).

b) Entries for September 15, 2008

These entries for review, discussion and editing of the complaint between Canty-Barnes and Clinic students are both duplicative and unnecessary, as they arise out of the educational process for interns at the clinic and duplicate the editing and review performed by Clinic student Cassandra Serentino. See Affidavit of Cassandra Serentino, Entries for September 15 and September 16, 2008

(hereinafter   referred   to   as   "Cassandra
Affidavit").

c)   Entry for October 29, 2008

This entry is excessive, as it should not have
taken almost one hour to amend the plaintiff's
original complaint and file it electronically
with the CM/ECF (the District Court's electronic
docket).  First, the amended complaint contained
only three minor changes to the original
complaint:  only three (3) amendments to the
original complaint:  (1) In paragraph 3 of the
amended complaint, plaintiffs alleged their
claims arose in Passaic County, not Essex County;
(2) plaintiffs' add, in footnote 1 of the amended
complaint, that the appeal is based upon the
Administrative Law Judge's alleged dismissal of
plaintiffs' entire due process complaint; and (3)
in paragraph 41 of the amended complaint,
plaintiffs' allege J.B.'s Individualized
Education Program meeting took place on April 14,
2008, not April 15, 2008.  Second, the filing of
an Amended Complaint on CM/ECF should not have
taken longer then a few minutes.  The Board
respectfully submits that these activities should
not have taken .80 hours to complete.

d)   Entries for November 20 and November 26, 2008

These entries for review and receipt of the
Board's motions to dismiss Plaintiffs' complaint
and amended complaint are excessive and
redundant.  First, the Board's motion to dismiss
Plaintiffs' Amended Complaint is virtually
identical in content with the Board's Motion to
Dismiss the Plaintiffs Complaint, except insofar
as the former is captioned as a "motion to
dismiss an amended complaint."  Second, it is
excessive to charge one hour for "receiving" via
e-mail the Board's motion to dismiss.  Third, any
review performed was duplicative, as legal intern
Cassandra Serentino also performed 4.5 hours of
review of the Board's motion to dismiss.  See
Serentino Affidavit, entries for November 25,
2008 and December 2, 2008.

e)   Entry for December 17, 2008

This entry for editing a brief in opposition to the Board's motion to dismiss is duplicative and excessive, as 4.5 hours of the same editing was performed by Cassandra Serrentino on December 18, 2008. <u>See</u> Serentino Affidavit, entry for December 12, 2008.

f)   Entry for December 29, 2008

This entry of 1.5 hours for "receiving" the Board's reply brief is excessive and vague. It is unclear from the entry what activities were performed that required 1.5 hours of Barnes' time.

g)   Entry for August 12, 2009

This 2.5 hour entry for an "office conference with K.B." is excessive and vague. It is unclear from the entry why Barnes needed to conference with K.B. for 2.5 hours and what was done during the conference.

h)   Entry for December 4, 2009

This 6 hour entry for editing a brief, reviewing exhibit to and filing a motion for summary judgment is excessive, duplicative and unnecessary. Sarah Chambers, another legal intern at the Clinic, devote twelve (12) hours to similar activities. <u>See</u> Chambers Affidavit, entry for December 3, 2009.

i)   Entry for December 10, 2009

This entry states that Barnes spent three (3) hours drafting and editing a "document." The entry is vague insofar as it does not specify what document(s) Barnes edited for three (3) hours.

j)   Entries for December 14 and December 18, 2009

These four (4) and two (2) hour entries are duplicative, excessive and vague. The two (2)

hour entry for research does not specify what subject was researched. The four entry for case file review, "research" and review of "documents is vague and duplicates similar entry for interns Lynette Rente and Sarah Chambers. See Rente Affidavit, entries for December 1 and December 3, 2009; Chambers Affidavit, entries for November 30, and December 3, 2009.

k)   Entries for December 18 and December 20, 2009

Barnes' two (2) entry for "Research" and twelve (12) hours of "editing and revising brief" are vague, duplicative and extremely excessive. The same activities were performed by legal interns for approximately 29.5 hours. Rente Affidavit, Entries for November 25, December 1, December 2, December 3, 2009; Chambers Affidavit, Entries for November 24, November 30, December 1, December 2, and December 3, 2009.

l)   Entries for December 21 and December 22, 2009

These entries are clearly duplicative and excessive: one two (2) hour entry for "editing brief in opposition to District's SJ motion" and another three (3) hours for "editing opposition to District's summary judgment motion".

In addition, several additional entries should not be billed to the Board since they arise out of the educational process for students of the Clinic and are not required for litigation of this case:

Rente Affidavit - Entries for November 24, 2009.

Chambers Affidavit - Entries for December 1, 2009 and December 2, 2009

Serentino Affidavit - Entries for September 2 and September 8, 2008.

## CONLCLUSION

Based on the foregoing, the Board respectfully submits

Plaintiffs motion for attorney's fees must be denied.

Respectfully submitted,

FOGARTY & HARA

BY: _____

    STEPHEN R. FOGARTY

DATED:  August 23, 2010