**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.B. o/b/o J.B., | Civil Action No.: 08-4647 (JLL) |
| Plaintiffs, | |
| v. | |
| HALEDON BOARD OF EDUCATION, | **O R D E R** |
| Defendant. | |

Currently before the Court is a motion for attorneys' fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), filed by Rutgers School of Law on behalf of Plaintiffs. The Court has considered the submissions made in support of and in opposition to the instant motion, and it appearing that:

1. In a proceeding brought under the IDEA, a prevailing party who is the parent of a child with a disability may recover reasonable attorney's fees and costs. See 20 U.S.C. § 1415(i)(3)(B). If a settlement is offered, however, parents of disabled children are not entitled to attorney's fees if certain time requirements are met and if "the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D). Furthermore, "[n]otwithstanding subparagraph (D), an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

2. On May 24, 2010, this Court granted, in part, Plaintiff's motion for summary judgment. In doing so, the Court remanded the matter to the New Jersey Office of Special Education Programs for adjudication of the remaining claims in Plaintiffs' original due process petition. The Court also declined

      to rule on the issue of whether Plaintiff was precluded from seeking attorneys' fees in this action by virtue of the settlement offer made by Defendant to Plaintiffs.

3. It is undisputed that Plaintiffs' due process claims have not yet been fully adjudicated. Without knowing the outcome of Plaintiffs' remaining claims on remand, the Court has no basis of ascertaining the degree of success achieved by Plaintiffs in this case and, thus, whether the fees sought are appropriate and reasonable. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained..").

Accordingly, **IT IS** on this **7th day of September, 2010,**

**ORDERED** that Plaintiffs' motion for attorneys' fees [Docket Entry No. 28] is **denied without prejudice.**

**IT IS SO ORDERED.**

_____
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE